UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 09-6470 DSF (SSx) | Date | 10/06/09 |
| Title | Windchaser Products, Inc. v. Dyna International Shipping, Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Remanding Case to Superior Court of California, Los Angeles County

   On September 4, 2009, Defendant filed a Notice of Removal on the basis of federal question jurisdiction under the Carriage of Goods by Sea Act ("COGSA"). See 46 U.S.C. § 30701; 28 U.S.C. § 1333. COGSA does not preempt state law causes of action based on events that occur prior to or after the unloading of goods onto a ship or carrier. 46 U.S.C. § 30701. It also is silent as to whether it preempts state law causes of action that occur in what is commonly called the "tackle-to-tackle" period, and neither the Ninth Circuit nor the Supreme Court has addressed the issue. See Continental Ins. Co. v. Kawasaki Kisen Kasha, Ltd., 542 F. Supp. 2d 1031, 1034 (N.D. Cal. 2008).

   Removal under 28 U.S.C. 1441(b) is proper if the claim arises under federal law. Plaintiff's complaint does not state whether its claims arise under federal or state law. "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, — F.3d —, 2009 WL 3068161, at *2 (9th Cir. Sept. 28, 2009) (internal quotation marks, brackets, and citations omitted).

   Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. An exception to the well-pleaded complaint rule occurs when state law claims are completely preempted by federal law. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

861 (9th Cir. 2003). "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. at 862. In determining whether preemption exists, the Supreme Court explained that the "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 n.5 (2003). The preemption analysis begins with "the assumption that the historic police powers of the States are not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." Hunter, 2009 WL 3068161, at *6 (brackets omitted). "Even when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998). "The fact that preemption might ultimately be proved does not allow removal." Id.

Plaintiff alleges only that the goods were delivered in a damaged condition, and does not explicitly state that it is suing under federal law. The complaint does not allege where in the shipping process the goods were damaged, and Defendant has not submitted any evidence to establish the alleged damages occurred either prior to or after unloading. Because the complaint does not clearly describe a federal claim on its face and Defendant has not provided evidence that would establish that a federal claim exists, the Court REMANDS this action back to the Superior Court of California, Los Angeles County.

IT IS SO ORDERED.